UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAMMY A. BAGGATTA,

    Plaintiff,

v.                               CASE No.  8:05-CV-570-T-TGW

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

## O R D E R

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[1] Because the decision of the Commissioner of Social Security is supported by substantial evidence, the decision will be affirmed. Moreover, the plaintiff's request for a remand for the consideration of new evidence is denied.

I.

The plaintiff, who was thirty-eight years old at the time of the administrative hearing and who has the equivalent of a high school education,

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 14).

has worked primarily as a waitress (Tr. 309-10). She filed claims for Social Security disability benefits and supplemental security income payments, alleging she became disabled due to "Arterialsclorosis [sic], Insulin Diabetic, High Blood pressure, Asthma, C.O.P.D. [and] Mytrovalve [sic] prolapse" (Tr. 75). The claims were denied initially and upon reconsideration.

   The plaintiff, at her request, then received a <u>de novo</u> hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of insulin-dependent diabetes mellitus, mild peripheral vascular disease, bronchial asthma, depression, anxiety and hypertension (Tr. 22). He concluded that these impairments restricted the plaintiff to light and sedentary work that involves no more than occasional climbing or prolonged standing, no more than occasional exposure to pulmonary irritants or extremes of temperature or humidity, and only routine, repetitive tasks with no more than superficial interaction with the general public (Tr. 26). The law judge ruled that these limitations prevented the plaintiff from performing past work (<u>id</u>.). However, based upon the testimony of a vocational expert, the law judge found that the plaintiff could perform work that exists in the national economy, such as, at the light work level, cashier II, ticket seller, and storage facility rental clerk, and, at the sedentary work level, order clerk, polisher of

eyeglass frames, and final assembler (Tr. 25). The law judge therefore decided that the plaintiff was not disabled. The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D). In this case, also, the plaintiff must show that she became disabled before her insured status expired on June 30, 2001, in order to receive disability benefits. 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952. There is not a similar requirement with respect to the plaintiff's claim for supplemental security income payments.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The law judge, as indicated, found that the plaintiff suffers from severe impairments of insulin-dependent diabetes mellitus, mild peripheral vascular disease, bronchial asthma, depression, anxiety and hypertension (Tr. 22). The law judge concluded that these impairments did not render the plaintiff totally disabled, but did substantially limit her ability to work. Specifically, the law judge determined that the plaintiff was limited to light and sedentary work that involved no more than occasional climbing or prolonged standing and no more than occasional exposure to pulmonary irritants or extremes of temperature or humidity (Tr. 26). Further, the plaintiff was restricted to routine, repetitive tasks with no more than superficial interaction with the general public (id.). Notably, the law judge found, based upon the testimony of a vocational expert, that a person with the plaintiff's profile could not only perform three types of light exertional jobs, but also could perform three types of sedentary exertional jobs. Consequently, the plaintiff would be determined to be not disabled, even if she could not perform the walking, standing, lifting or carrying requirements for light work, as long as she could perform those functions at the lesser level required for sedentary work.

The plaintiff argues that the law judge erred in his decision because he failed to give proper weight to the opinion of a treating physician, Dr. John Spallino, that the plaintiff is disabled. The law judge is required to give opinions of treating physicians substantial or considerable weight unless there is good cause for not doing so. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's own medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

In this case, Dr. Spallino on September 5, 2000, wrote in a letter to the plaintiff's attorney that the plaintiff has "multiple extensive medical problems" and that the doctor felt that the plaintiff "is unable to keep any employment whatsoever" (Tr. 211). The letter contained no further explanation for that conclusion (id.). The law judge considered Dr. Spallino's opinion but discounted it (Tr. 22). The law judge explained that he did so because the opinion "was offered without analysis or rationale" and was "inconsistent with [the physician's] own progress notes and with the weight of the medical evidence of record" (id.).

The doctor's letter was unquestionably conclusory in nature. This, as indicated, is a basis for discounting a treating doctor's opinion. Crawford v. Commissioner of Social Security, 363 F.3d 1155, 1159 (11th Cir. 2004).

Moreover, the law judge could reasonably conclude that Dr. Spallino's progress notes did not establish that the plaintiff is disabled. Significantly, most of Dr. Spallino's progress notes for the period under consideration were not before the law judge; they were submitted belatedly to the Appeals Council. The records that were not provided to the law judge cannot be taken into account in determining whether the law judge's decision is supported by substantial evidence. Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998), cert. denied, 525 U.S. 1124 (1999). Moreover, the few progress notes from Dr. Spallino that were before the law judge do not show a disabling condition. In this vein, the law judge stated the following (Tr. 21):

> Progress notes from John Spallino, MD indicated in April 2000 that his nurse had complained of the claimant's "different stories regarding her medications." Dr. Spallino noted, "nothing is consistent," and he expressed concern about the claimant's "chronic use of pain medication .... (which) is very heavy-duty for peripheral vascular disease." He described the claimant, who persisted in demanding the medications, as "very upset and very cocky and very indignant." The doctor

>concluded that, "because she couldn't keep her story straight it always makes me wonder ..." (Exhibit 9F).

In addition, the law judge referred to a consultative evaluation done in July 2000 at GSW Consulting/Target Testing by Dr. Joseph Schreier (Tr. 21). Dr. Schreier provided a detailed functional assessment of the plaintiff's physical capabilities (Tr. 177). That particularized assessment, which is similar to the law judge's finding of the plaintiff's residual functional capacity, provides a further valid basis for discounting Dr. Spallino's conclusory opinion.[2]

>The plaintiff also complains about the law judge's discounting of an opinion by a psychologist, Dr. Steven F. Wu, that the plaintiff was disabled. The plaintiff was sent to Dr. Wu by the plaintiff's attorney for an evaluation and, thus, Dr. Wu was not a treating physician. Accordingly, the principle that, absent good cause, the opinion of a treating physician is to be given considerable or substantial weight does not apply to Dr. Wu's opinion that the plaintiff is disabled. In any event, the law judge found that Dr. Wu's

---

[2] It is noted, contrary to the plaintiff's suggestion, that this is not a case where the law judge accepted the opinions of non-examining reviewing physicians over the opinion of a treating physician. In the first place, the law judge reasonably discounted the opinion of the treating physician. Furthermore, the law judge also did not fully accept the opinions of the non-examining doctors. They had opined that the plaintiff could perform a wide range of light work, while the law judge found that the plaintiff was restricted to a limited range of light work (Tr. 24).

conclusion "was inconsistent with the objective and subjective findings of the examination" (Tr. 22). The law judge stated that, "[t]herefore, although the examination and test findings have been considered and weighed in assessing disability, the stated conclusion has not been afforded great weight" (id.).

The law judge could reasonably decide to discount Dr. Wu's opinion that the plaintiff was disabled. Thus, as the law judge pointed out (id.), Dr. Wu noted that test results showed that "some symptom exaggeration is present" (Tr. 245). Further, Dr. Wu assigned a Global Assessment of Functioning rating of 55 (Tr. 247), which is the mid-point of the moderate range of symptoms or difficulties. See Diagnostic and Statistical Manual of Mental Disorders (4th ed.), p. 32. That rating is not consistent with a finding of total disability. Rather, it is consistent with the law judge's finding of functional limitations restricting the plaintiff to routine repetitive tasks with only superficial interaction with the general public (Tr. 26).

Furthermore, Dr. Wu's opinion was that "the combination of [the plaintiff's] depression, anxiety and medical problems make her unable to sustain full-time employment" (Tr. 247). Dr. Wu's reliance upon the plaintiff's subjective statements of her medical problems, which are outside

Dr. Wu's area of expertise, clearly undermines his opinion, particularly since test results showed some symptom exaggeration.

For these reasons, the plaintiff's challenge to the law judge's handling of the opinions of total disability by Dr. Spallino and Dr. Wu lacks merit. The law judge reasonably explained why he discounted those opinions, as he was entitled to do.

The plaintiff's second contention is that the law judge failed to consider the combination of the plaintiff's impairments. The law judge plainly recognized that he was required to consider the combined effect of all of the plaintiff's impairments (Tr. 20-21, 26). The plaintiff asserts, however, that the law judge failed to discuss the plaintiff's heart disease of a mitral valve prolapse.

The plaintiff, who was represented by counsel, did not testify to any heart problems during the administrative hearing. Moreover, the record contains only sporadic references to her heart. Under these circumstances, it is hard to conclude that the law judge erred in not expressly discussing the minimal evidence of the plaintiff's heart condition.

In any event, as the Commissioner points out, the plaintiff has not identified any evidence which even remotely suggests that the plaintiff has a

heart problem that would impose functional limitations beyond those found by the law judge. Consequently, if the law judge erred in not expressly addressing the plaintiff's heart condition, the error was harmless.

On this issue, the plaintiff also complains that the law judge failed to specify the plaintiff's subjective symptoms that he was considering in making his credibility determination. The plaintiff has not provided any authority supporting the proposition that, in making a credibility determination, the law judge must make a separate credibility finding for each symptom of each impairment. See Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005)("there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision...").

Furthermore, any such requirement would be unwarranted here in light of the reasons set forth in the law judge's credibility determination. Thus, the law judge stated that the plaintiff's testimony, "particularly as it related to the alleged physical limitations, was inconsistent with the weight of the medical evidence, [and] was not wholly credible..." (Tr. 23). On this latter factor, the law judge added (id.):

> Several impartial medical providers have questioned the credibility of the claimant. At Exhibit 8F/6 on August 23, 2000[,] an emergency room physician describes the claimant as "still

melodramatic and manipulative[."] At Exhibit 9F/3 Dr. Spallino makes similar observations. He described great concern for the amount of pain medication the claimant is taking in April 2000. He then stated "the patient is very upset and very cocky and very indignant. Because she couldn't keep her story straight, it always makes me wonder.["] The observations of two separate impartial observers are confirmed by the results of the MMPI-II test shown at Exhibit 11F. That test noted "exaggeration[."] *At page 5 of his report Dr. Wu says: "Doctors have given her only a short time to live because of the deterioration of her lungs[."] This statement is patently false and indicative of her manipulative behavior. Her subjective complaints are highly questionable.*

This reason applies across the board to all of the plaintiff's subjective complaints. Accordingly, it was especially unnecessary in this case for the law judge to make a specific credibility finding as to each symptom of each impairment.

The final issue raised by the plaintiff in her memorandum is that she has submitted new and material evidence that warrants a remand. New evidence may support a remand under sentence six of 42 U.S.C. 405(g). Falge v. Apfel, supra, 150 F.3d at 1323. In order to obtain a remand, the plaintiff must demonstrate that (1) the evidence is new and not cumulative, (2) the evidence is material in that a reasonable possibility exists that the new evidence would change the administrative result, and (3) good cause exists for

the plaintiff's failure to submit the evidence at the appropriate level.  Id.  The plaintiff cannot satisfy all three of these criteria.

Most of the new evidence is from before the law judge's decision on March 29, 2002.  The plaintiff has completely failed to show why this evidence was not submitted to the law judge. Conceivably, the evidence from Dr. Spallino was deliberately not submitted by plaintiff's prior counsel because his progress notes reflect a continuing theme of non-compliance. Thus, Dr. Spallino has noted that the plaintiff showed "very much non-compliance" (Tr. 278), was "very non-compliant" (Tr. 289), and demonstrated "non-compliance to the max" (Tr. 292).  Thus, the belatedly submitted progress notes from Dr. Spallino raise a serious question concerning a failure to follow prescribed treatment that would defeat the plaintiff's claims.  See 20 C.F.R. 404.1530, 416.930.  In any event, whether the new evidence was deliberately withheld or not, good cause has not been shown for the failure to submit that existing evidence to the law judge.

Good cause could be shown for not submitting evidence of a hospital admission in September 2002 to the law judge since that evidence was not in existence prior to the law judge's decision. However, that evidence is not material and thus, by itself, does not support a remand.

The evidence is a hospital record showing treatment between September 16 and 20, 2002, for, apparently, an acute asthmatic exacerbation (Tr. 275). Significantly, new evidence must relate to the period on or before the date of the law judge's decision. <u>Vlamakis</u> v. <u>Commissioner of Social Security</u>, 2006 WL 531489 at *2 (11th Cir. March 6, 2006). There is not a reasonable possibility that a hospitalization for an acute asthmatic exacerbation almost six months after the law judge's decision would change that decision.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is hereby AFFIRMED. Furthermore, the request for a remand for the consideration of new evidence is DENIED. The Clerk is directed to enter judgment accordingly and to close this case.

DONE and ORDERED at Tampa, Florida, this 18th day of May, 2006.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE